UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-01877-UA (OP) | Date | April 1, 2013 |
|---|---|---|---|
| Title | Robert A. Peete v. Mark S. Arnold, et al. | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | |
|---|---|---|
| As assigned | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS: ORDER TO SHOW CAUSE**

## I.
## Proceedings

On March 15, 2013, Robert A. Peete ("Plaintiff") lodged for filing a Civil Rights Complaint pursuant 42 U.S.C. § 1983 ("Complaint"), along with an *in forma pauperis* application in order to proceed without payment of the full filing fee. (ECF No. 1.) Because Plaintiff has requested leave to proceed *in forma pauperis*, the Court has screened the Complaint for the purpose of determining whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

For the reasons set forth below, Plaintiff is ordered to show cause why his *in forma pauperis* application should not be denied.

## II.
## Discussion

**A.**     **Summary of Plaintiff's Allegations.**

In the Complaint, Plaintiff alleges the following claims: (1) violation of the Fourteenth Amendment based on the alleged fabrication of evidence contained in a probation report; (2) violation of Fourteenth Amendment based on the alleged use of fabricated evidence in a motion requesting revocation of probation; and (3) violation of the Fourteenth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01877-UA (OP) | Date | April 1, 2013 |
|---|---|---|---|
| Title | **Robert A. Peete v. Mark S. Arnold, et al.** | | |

Amendment based on alleged prejudicial statements made before the probation revocation hearing and disregarding important information during the hearing. (Compl. at 6-8.) Plaintiff has named as Defendants the following individuals: (1) Los Angeles County Superior Court Judge Mark S. Arnold; (2) former L.A. County District Attorney Steve Cooley; (3) L.A. County Deputy District Attorney Warren Kato; (4); L.A. County Chief Probation Officer Donald H. Blevins; (5) L.A. County Supervising Deputy Probation Officer Michael Owens; and (6) L.A. County Deputy Probation Officer Vern Macedon. (Id. at 2, 3.) Plaintiff does not specify in which capacity Defendants are being. Plaintiff seeks damages. (Id. at 9.)

The following is a summary of the allegations contained in the Complaint:
(1) Defendant Macedon wrote false information in a probation officer's report regarding Plaintiff's probation revocation hearing in L.A. County Superior Court case number YA06471601;
(2) Defendant Owens read and approved of the probation officer's report;
(3) Defendant Blevins submitted the probation officer's report, thereby agreeing with the false information contained therein;
(4) Defendant Kato wrote false information in a motion requesting the revocation of probation in Plaintiff's pending case;
(5) Defendant Cooley submitted the motion requesting revocation of probation, thereby agreeing with the false information contained therein; and
(6) Defendant Arnold made prejudicial statements concerning the alleged violation of probation before the revocation and disregarded important information during the hearing.
(Id. at 4, 5.)

**B.** **The Complaint Is Subject to Dismissal Based on Judicial Immunity.**

**1.** **Judicial Immunity.**

Judges are absolutely immune from suit for acts performed in a judicial capacity. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 & n.10, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993); Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 357-60, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01877-UA (OP) | Date | April 1, 2013 |
|---|---|---|---|
| Title | **Robert A. Peete v. Mark S. Arnold, et al.** | | |

("Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts."); see also Mullis v. Bankr. Ct. for the Dist. of Nev., 828 F.2d 1385, 1394 (9th Cir. 1987) ("The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief."); but see Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984) (state officials enjoy judicial or quasi-judicial immunity from damages only).

Judicial immunity bars suit even if a judge is accused of acting in bad faith, maliciously, corruptly, erroneously, or in excess of jurisdiction. Mireles, 502 U.S. at 11-13. Judicial immunity is overcome in only two sets of circumstances, i.e., when the judge's actions are not taken in his or her judicial capacity or when the actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Id. at 11, 12 (citations omitted).

Plaintiff names as one of the Defendants L.A. County Superior Court Judge Arnold and seeks damages. Plaintiff's claim against Defendant Arnold is based on statements allegedly made and information either considered or disregarded during Plaintiff's probation revocation hearing over which Defendant Arnold presided. As a result, it is clear that the allegations are based on Defendant's conduct while he was acting in his judicial capacity. Further, the allegations fail to establish that the claim is based on actions that were taken in Defendant's nonjudicial capacity or on judicial actions taken in the complete absence of all jurisdiction. Thus, the Court finds that the claim against Defendant Arnold for which Plaintiff seeks damages is subject to dismissal based on judicial immunity.

  **2.  Probation Officer Immunity.**

"[P]robation officers preparing reports for the use of state courts possess an absolute judicial immunity from damage suits under [§] 1983 arising from acts performed within the scope of their official duties." Demoran v. Witt, 781 F.2d 155, 157 (9th Cir. 1986); see also Burkes v. Callion, 433 F.2d 318, 319 (9th Cir. 1970) (per curiam). In Demoran, the plaintiff complained that a state probation officer, with malice and in bad faith, prepared a probation report containing deliberately false statements and that, as a result, the plaintiff received an improperly long sentence. Id. at 156. The Ninth Circuit held

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-01877-UA (OP)** | Date | **April 1, 2013** |
|---|---|---|---|
| Title | **Robert A. Peete v. Mark S. Arnold, et al.** | | |

that probation officers are entitled to absolute judicial immunity for their acts in aid of the judicial process. The Ninth Circuit noted that "[p]robation officers preparing presentencing reports serve a function integral to the independent judicial process . . . they act as 'an arm of the sentencing judge.'" Id. at 157 (quoting Cleavinger v. Saxner, 474 U.S. 193, 204, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985)).

Plaintiff names as Defendants L.A. County Chief Probation Officer Blevins, Supervising Deputy Probation Officer Owens, and Deputy Probation Officer Macedon, and seeks damages. Plaintiff alleges that Defendant Macedon wrote false information in a probation officer's report relating to Plaintiff's probation revocation hearing, that Defendant Owens read and approved of the probation officer's report, and that Defendant Blevins submitted the probation officer's report, thereby agreeing with the false information contained therein. There is nothing to distinguish Plaintiff's circumstances from those in Demoran. Thus, the Court finds that Plaintiff's claims against Defendants Blevins, Owens, and Macedon in the preparation of the report used in connection with Plaintiff's probation revocation hearing are barred by judicial immunity.

**C.      The Complaint is Subject to Dismissal based on Prosecutorial Immunity.**

   **1.      Prosecutorial Immunity.**

Prosecutors are entitled to absolute immunity for acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. Buckley v. Fitzsimmons, 509 U.S. 259, 272-73, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993); Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976) ("[w]e hold . . . that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.") Those acts include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made. Buckley, 509 U.S. at 273.

Plaintiff names as Defendants L.A County Deputy District Attorney Kato and former District Attorney Cooley, and seeks damages. Plaintiff alleges that Defendant Kato

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-01877-UA (OP)** | Date | **April 1, 2013** |
|---|---|---|---|
| Title | **Robert A. Peete v. Mark S. Arnold, et al.** | | |

wrote false information in a motion requesting the revocation of probation in Plaintiff's pending case and that Defendant Cooley submitted the motion requesting revocation of probation, thereby agreeing with the false information contained therein. To the extent that Plaintiff's claims are based on the acts undertaken by Defendants Kato and Cooley in preparation for the probation revocation proceedings initiated against Plaintiff, the claims against Defendants Kato and Cooley are barred by prosecutorial immunity.

  2.  **Fabrication of Evidence.**

Substantive due process under the Fourteenth Amendment protects individuals from arbitrary deprivation of their liberty by government. See Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845-49, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). The United States Supreme Court has repeatedly "spoken of the cognizable level of executive abuse of power as that which shocks the conscience." Id. at 846. However, "only the most egregious official conduct can be said to be arbitrary in a constitutional sense." Id. (internal quotations and citation omitted). Such conduct can be shown by "conduct intended to injure in some way unjustifiable by any government interest." Id. at 849. Thus, in order to establish a substantive due process claim, a plaintiff must show a government deprivation of life, liberty, or property, and governmental conscience shocking behavior. Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006) (citations omitted).

In order to sustain a substantive due process claim based on the deliberate fabrication of evidence, a plaintiff must, "at a minimum, point to evidence that supports at least one of the following two propositions: (1) Defendants continued their investigation of [plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). Mere allegations that defendants used interviewing techniques that were in some sense improper, or that violated state regulations, without more, cannot serve as the basis for a claim under § 1983. Id. at 1075.

Plaintiff alleges that Defendant Kato wrote false information in a motion requesting the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-01877-UA (OP)** | Date | **April 1, 2013** |
|---|---|---|---|
| Title | **Robert A. Peete v. Mark S. Arnold, et al.** | | |

revocation of probation in Plaintiff's pending case and that Defendant Cooley submitted the motion requesting revocation of probation, thereby agreeing with the false information contained therein. However, Plaintiff fails to allege what information was submitted in connection with those proceedings and in what manner the information was false. Such allegations are entirely conclusory and lacking in merit. See Moss v. U.S. Secret Service, 572 F.3d 962, 971 (9th Cir. 2009) (assigning no weight to conclusory allegations); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Thus, to the extent that Plaintiff's claims are based on the alleged presentation of fabricated evidence during his probation revocation hearing, the Court finds that the Complaint is subject to dismissal for failure to state a Fourteenth Amendment claim based on the presentation of fabricated evidence.

### 3. Respondeat Superior Liability.

Supervisory personnel are not individually liable under § 1983 on a theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 691, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1992); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisory official may be personally liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Vague and conclusory allegations are insufficient to state a valid claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Plaintiff alleges that Defendant Kato wrote false information in a motion requesting the revocation of probation in Plaintiff's pending case and that Defendant Cooley submitted the motion requesting revocation of probation, thereby agreeing with the false information contained therein. Such allegations are entirely conclusory and lacking in merit. See Moss, 572 F.3d at 971; see also Iqbal, 556 U.S. at 678-79. Plaintiff fails to otherwise allege sufficient facts to establish that supervisory Defendant Cooley was personally involved in a constitutional deprivation or that there was a sufficient causal connection between the alleged wrongful conduct and the constitutional violation. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01877-UA (OP) | Date | April 1, 2013 |
|---|---|---|---|
| Title | **Robert A. Peete v. Mark S. Arnold, et al.** | | |

Redman, 942 F.2d at 1446-47.  Thus, the Court finds that the Complaint is subject to dismissal for failure to state a claim based on supervisory liability against Defendant Cooley.

### III.
### Conclusion

Based the foregoing, Plaintiff is ordered to show cause on or before May 3, 2013, why his *in forma pauperis* application should not be denied.  If Plaintiff still wishes to pursue this action, he shall have until May 3, 2013, to file an amended Complaint, attempting to cure the defects in the Complaint.  The amended Complaint shall be complete in itself and must remedy the deficiencies discussed herein.  Plaintiff may not use "et al." in the caption but must name each defendant against whom claims are stated.  Plaintiff must use the blank Central District Civil Rights Complaint form accompanying this order, must sign and date the form, must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his amended Complaint.  The amended Complaint shall not refer to the original Complaint.

Failure to comply with these requirements may result in a recommendation that the *in forma pauperis* application be denied for failure to state a claim on which relief may be granted.  The failure to properly respond to this OSC will result in a recommendation that the *in forma pauperis* application be denied for failure to prosecute and/or failure to comply with a court order.

The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form and a blank *in forma pauperis* application.

**IT IS SO ORDERED.**

cc:  All Parties of Record

Initials of deputy clerk   jh-relief